AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| Armando Almirall | ) |
| | ) |
| _____ | ) |
| *Petitioner* | ) |
| | ) |
| v. | ) |
| | ) |
| Jason Gunther, Warden FPC-Edgefield | ) |
| Evelyn Ortiz, Associate Warden FPC-Edgefield | ) |
| | ) |
| _____ | ) |
| *Respondent* | |

2023 JUL 3  AM 11: 26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

Case No. _5:23 - cv - 420 - JLB - PRL_
*(Supplied by Clerk of Court)*

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a) Your full name:    Armando Almirall
   (b) Other names you have used: _____
2. Place of confinement:
   (a) Name of institution:    Federal Correctional Complex - Camp
   (b) Address:    P.O. Box 1027, Coleman, FL 33521
                   Unit F2
   (c) Your identification number:    25088-111
3. Are you currently being held on orders by:
   ☑ Federal authorities        ☐ State authorities        ☐ Other - explain: _____

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you:    Eastern District of Virginia
       _____
       (b) Docket number of criminal case:    1:18-CR-392-1
       (c) Date of sentencing:    02/08/2019
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: _____
   _____
   _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

**SCANNED**

JUL - 3 2022

BY: _____

Page 2 of 9

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*:

_____

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:   N/A

_____

(b) Docket number, case number, or opinion number:   N/A

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

N/A

_____

_____

(d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: _____

_____

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

  (1) Name of the authority, agency, or court: _____

  (2) Date of filing: _____

  (3) Docket number, case number, or opinion number: _____

  (4) Result: _____

  (5) Date of result: _____

  (6) Issues raised: _____

  _____

  _____

  _____

  _____

  _____

(b) If you answered "No," explain why you did not file a second appeal: _____

_____

9.  **Third appeal**

   After the second appeal, did you file a third appeal to a higher authority, agency, or court?

   ☐ Yes          ☑ No

   (a) If "Yes," provide:

     (1) Name of the authority, agency, or court: _____

     (2) Date of filing: _____

     (3) Docket number, case number, or opinion number: _____

     (4) Result: _____

     (5) Date of result: _____

     (6) Issues raised: _____

     _____

     _____

     _____

     _____

   (b) If you answered "No," explain why you did not file a third appeal: _____

   _____

10.  **Motion under 28 U.S.C. § 2255**

   In this petition, are you challenging the validity of your conviction or sentence as imposed?

   ☐ Yes          ☑ No

   If "Yes," answer the following:

   (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
            ☐ Yes                    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes         ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes         ☑ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: _____

(b)   Date of the removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes         ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** I am currently being held in violation of the Constitution and laws of the United States. The Bureau of Prisons is not calculating my time served properly and is causing me to serve longer than is appropriate.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See attached Memorandum in support of this Petition.

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:  Order my immediate release for having served more time than is left on my sentence or a supervision violation. In the alternative, order the government to show cause why a writ of habeas corpus should not issue.

_____

_____

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

ALMIRALL, ARMANDO 250891!!

**United States District Court**
**Middle District of Florida**

| | |
|---|---|
| Armando Almirall, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) |
| | ) |
| Jason Gunther, Warden, | ) |
| FCC-Coleman, Evelyn Ortiz, | ) |
| Associate Warden, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

Memorandum in Support of Petitioner's
Petition for Habeas Corpus
under 28 U.S.C. § 2241

Petitioner, appearing Pro Se, respectfully submits this Memorandum in Support of his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

### Jurisdiction

Petitioner's Petition raises questions regarding the execution of his sentence. The Eleventh Circuit recognizes that such claims are to be brought under §2241 and that the district where Petitioner is housed is the proper venue. *See Antonelli v. Warden, U.S.P. Atlanta,* 542 F.3d 1348, 1351-52 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (habeas corpus available for challenges to calculation of credits by Bureau of Prisons). Respondents are named as the Wardens of Almirall's facility in Coleman, Florida. This Court has jurisdiction over the subject matter herein and the parties hereto.

### Background

Almirall is currently serving a sentence at the Federal Correctional Complex (Camp) in Coleman, Florida following a finding of violation of the terms of his supervisory conditions. *See United States v. Almirall*, No 1:18-CR-391-1 (E.D.Va.). On February 8, 2019, Almirall was sentenced to serve 28 months in federal prison followed by a three year term of supervised release.

*Id.* Almirall served his original term and was released from his sentence on November 4, 2020, when he began serving his term of supervision.

Approximately two years into his term of supervised release Almirall was found in violation of the conditions of release. *See United States v. Almirall*, 22-CR-404-TPB-AAS (M.D. Fla. 2023). The court sentenced Almirall to a term of 18 months of imprisonment for a Class C violation. *Id.*

**Argument**

Against this backdrop and in conjunction with the Bureau of Prison's belated and botched implementation of the First Step Act (FSA), Almirall illustrates that he is currently being imprisoned in violation of the Constitution. On January 15, 2022, the deadline for the phase-in period for the FSA (*See* 18 U.S.C. § 3632), the BOP had not given Almirall the time credits he earned between December 21, 2018 and November 4, 2020. The earned time credits for this period would be approximately 11 months. *See* 18 U.S.C. § 3632. Notably, to this day, the BOP has yet to credit Almirall a single day of earned-time credits. As relevant here, had the BOP timely credited Almirall the time credits that he rightfully earned prior to his release in November of 2020, his supervised release term would have terminated 11 months earlier. *See §§ 3632, 3624.* In light of the aforementioned, this Court should instruct the BOP to credit Almirall for his earned-time credits (as it has to its other inmates) and release him forthwith.

Almirall anticipates two government arguments to keep him in prison. First, the government is likely to allege that this filing is premature and that Almirall has not exhausted his administrative remedies. While Almirall can successfully make a case for futility of exhaustion, the Court should disregard an exhaustion argument because Almirall is already serving more time than the law requires. As such, exhaustion is not required.

Any argument that the time earned and not credited was for his previous prison term and should not be credited for a different sentence is also without merit. Sentences given for supervisory violations are punishment for the original sentence. *See Johnson v. United States,* 529 U.S. 694 (2000) (postrevocation sanctions are part of the penalty for the initial offense). Because Almirall has earned time credit that has not been given to him for this offense, and because that time credit being given would mean Almirall's immediate release, this Court should grant Almirall's Petition and order his release.

**Almirall's computation**

Almirall is currently scheduled to be released on March 12, 2024. This is less than 8 months away. Almirall is entitled to at least 11 months of credit on this sentence. If awarded this credit Almirall will be overserving his sentence. Because Almirall began serving his sentence after the BOP began calculating for awards of good time credit under the FSA, Almirall is entitled to such time against his current term.

## Conclusion

Petitioner respectfully requests that this Court inquire into the matters raised herein and either grant his Petition or issue an order requiring the government to show cause why a writ of habeas corpus should not be granted.

Respectfully Submitted,

/s Armando Almirall
Armando Almirall